FOR THE COURT ON WHAT APPEARS TO BE THE FIRST APPELLATE REVIEW OF THE MASS ACTION PROVISIONS OF THE CLASS ACTION ACT OF 2005. The issue is straightforward. It is, is this the kind of case that Congress intended to be in federal court when it enacted CAFA and its mass action provisions? That is, is this a CAFA mass action? For our purposes, the relevant facts are relatively straightforward. Plaintiffs are 1,160 citizens of Panama who allege occupational exposure to a pesticide while working in their home country of Panama. There are nine defendants, including the Dow Chemical Company, all of whom are U.S. citizens. Dow removed this case and two others last spring to the Central District of California. All three were remanded. Are they all appealing? One has had a petition for permission to appeal denied by this Court. The other petition for permission to appeal is pending in this Court. It's styled Juan Abrego. I'm sorry. What is the name of that case again? Juan Abrego. Juan Abrego. Okay. It is cited in both parties. That's the one that was listed in the brief? That is, yes, in the statement of related cases. It's not some other case, then? It is not some other case, Your Honor. All right. Thank you. One from Judge Anderson was the one that was denied. That is the Linares case, Your Honor. Yes, Your Honor. CAFA has just celebrated its first birthday. It was signed into law by the President last February, February of 2005. CAFA marks a shift in the way Congress has viewed diversity jurisdiction. Almost from the moment the ink on Article III was dry, and certainly from the moment the First Congress convened after the ratification of the Constitution, every move made by the courts and by Congress has been aimed at limiting diversity jurisdiction. We stand here in the 200th anniversary of the Supreme Court announcing its decision in Strawbridge v. Curtis, finding that the language in the First Judicial Act said that it didn't mean mere diversity, but complete diversity. After that, the courts and Congress have established ever-increasing amounts of controversy for diversity removals. They've established the Forum Defendant Rule, which says even in a case like this, where there are numerous non-California citizens among the defendants, absent CAFA, this case would not be removable because of the presence of a single defendant who is a citizen of California. All of the presumptions are against removal. The removing party has the burden. CAFA stands in stark contrast to do that. To that. It says — But, Your Honor, CAFA does a set of very specific things with regard to diversity jurisdiction. It says you don't need complete diversity under certain circumstances. You don't need the consent of all the defendants. The one-year provision doesn't apply. You can aggregate. It doesn't say anything about burdens of — who has the burden, either on an original jurisdiction or on removal. It doesn't say — in other words, it says certain things. It doesn't say other things. And the question is, why should we be reading in the things it doesn't say? The reason, I think, goes back to what I was just saying. CAFA presents us something very different. CAFA presents us the first expansion of diversity jurisdiction in the 200-plus years of diversity jurisdiction. Again, every other move has been to limit diversity jurisdiction. And there was 200 years of law, and the people who wrote CAFA knew those 200 years of law. They were very specific about it, and they changed certain things. They didn't change other things. And as I understand your argument, it's several junctures. It relies on either inherently or by virtue of legislative history, reading in things that it didn't do. I would say two things to that, Your Honor. One, we end up with this odd dichotomy when we look and try to analyze CAFA. And I've described it as analyzing at the macro level and the micro level. At the macro level, we know what Congress is trying to do. We know precisely what Congress is trying to do. It is trying to get — Yes, we know precisely. It was trying to change the complete diversity rule under the circumstances described. It was trying to change the one-year rule. It was trying to change the consent rule. And then that's all that we know, is what's in the statute. And you're trying to say that we also know other things that aren't in the statute. We do, Your Honor, with all due respect. We know that Congress was trying to put the larger — that is, the larger amount in controversy — class actions and mass actions in Federal forums. Who was the group that was behind drafting it? Members of the Senate Judiciary Committee, Your Honor. And that's when we have cited repeatedly to the Senate committee report, this Judiciary Committee, in our argument here. Well, let me — let's get to — we're now — we're just kind of talking generalities, okay? Okay. I made, like, a diagram of the statute, which isn't so easy because it's got so many parts. So I have a couple of specific questions. And it relates to Section 11 on mass actions. I have it in front of me, Your Honor. Okay. Is the definition of a mass action itself — does it end after the phrase common questions of law or fact, or does the definition of mass action also include the except proviso? I believe it does include the except proviso. I appreciate where Your Honor is going with that. It seems to say that the court's removal jurisdiction — put the question of subject matter jurisdiction aside for a moment. Wait a minute. Well, let him answer the question so we can understand what his point is. The court's removal jurisdiction is invoked in an action which is not a class action, but which has at least 100 plaintiffs, like this one, and in which the aggregate amount in controversy exceeds $5 million. It then goes on to say this exception. Once it's there, the district court must deny itself jurisdiction over those plaintiffs who do not meet the $75,000 amount in controversy common to all diversity removals. Well, does this mean that any time there are 100 people and you think it might be $5 million, do you have to have any other good faith basis to think that some number of those have $75,000 claims? I mean, what is the obligation on the part of the defendant before removing? That issue is not present here for a couple of reasons, but I will answer your question. As a practical matter, we're not going to see very many 100 plaintiff or 110 plaintiff cases removed under the mass action provisions because plaintiffs and plaintiffs' lawyers who want to keep those cases in state courts will simply divide them into two actions of 50 or 55 each. So we're never going to end up parsing these finer questions like that. What we do have in the mass action provisions is in our case, we have 1160 plaintiffs. They allege cancer, permanent sterility, and punitive damages. This is not as close a call as the one Your Honor is positing. Well, okay. So now though, let's say there's, we know there's a hundred of them and we know that under two through 10, you have to get to, you know, the 5 million. How is it when you get then to federal district court, is it to be sorted out whether you have jurisdiction over the plaintiffs whose claims are $75,000? It can be done a couple of ways, obviously. The way that it's often done is a show cause order or a question to the plaintiffs, which is $75,000. The other way is, which is one of the remedies we propose, is to allow simple discovery, simple discovery on the question of the amount in controversy. But here the judge, go ahead. To your premise. Here the judge did the opposite. Didn't he ask you to show cause why it shouldn't go back? Yes, Your Honor, he did. Judge Claussen issued a show cause order and it's impossible to tell from the record. I mean, I was involved at the trial level as well. Whether he did that in response to the plaintiff's motion to remand or whether he did that sua sponte. But the court did issue a show cause order asking us to show that the aggregate amount in controversy was 5 million and that each plaintiff was seeking at least $75,000. Did you do anything? We filed our reply to that, Your Honor. But as the Seventh Circuit noted in the Brill v. Countrywide case, cases are removed on the pleadings at a time when no discovery has been taken. We filed a response. We detailed the plaintiff's allegations, cancer, permanent sterility, punitive damages. But at that juncture, that's all a defendant is ever going to know. Except that two things. First of all, you know, given the fact that one of the things the statute does is eliminate the one-year limitation, you're not under any gun particularly to remove it before you know from the pleadings or from the development of discovery that, in fact, there was $5 million and 100 people and $75,000 and so on. I would suggest, Your Honor, that what your auditor is posing is a scheme very different from that that CAFA has created. CAFA has created a scheme where actions like this one are going to get worked up and decided in Federal court, not that some discovery is going to be done in the state court until we're certain the amount of controversy is $75,000 and then the rest of it in Federal court. CAFA creates a scheme where interstate class actions and mass actions are from the get-go, ruled upon, worked up, including pretrial procedure in Federal court. Well, you know, you said that the Senate members, they never draft any. There must have been somebody who was proposing this. But I'm sure that the Senate had input either from their staffs or from somewhere else, Your Honor. I mean, there's no question. And a few lobbyists, probably. And a few lobbyists. There's no question about it. I have. Let me ask you my main question. Did this come from the plaintiff's bar? It certainly did not come from the plaintiff's bar, Your Honor. I'm certain it came from the business interest. All right. Section 1332 is the section about original jurisdiction overall, right? Yes, Your Honor. 1441 says that a case in which there's original jurisdiction can be removed to Federal court. Correct. Nothing in CAFA changes that. Correct. All right. So, but you keep referring to subsection 11 as dealing with, quote, something called removal jurisdiction. As if it is different from and broader than. In other words, you're creating, you're supposing there's a class of cases, and I've never seen this before, which can come to Federal court even though there wasn't original jurisdiction over it, and then stay there even though the cases on which there wasn't original jurisdiction go back. That's your basic premise. I don't agree, Your Honor. I agree that this, this circuit has recognized the distinction between removal jurisdiction. That is, when is a removal properly invoked in subject matter jurisdiction. But in the other direction? Removal jurisdiction can be narrow, but how can it be broader when, when 1441 only allows removal of a case in which there would be original jurisdiction? The original jurisdiction, the, the, the basic showing of original jurisdiction is a hundred plaintiffs, $5 million. There is the subject matter jurisdiction. Does that go back to then 1332 D2? And then in Federal court, except the district court can only maintain its subject matter jurisdiction over those plaintiffs seeking at least $75,000. Okay. So let's look at it in another way. I gather that a mass action could be filed in Federal court. It could. Right. If it were filed in Federal court and it had 150 people in it, but it was clear from the platings that only 75 of them had more than $75,000, could it stay there? No, Your Honor. Okay. So why is it different if there, if, if you're removing it? We, we haven't reached that question in this case. We haven't reached the question of whether or what happens if the number of plaintiffs fall below 100. In this case, what we have is a large group, a group much larger than 100, 1,160 plaintiffs alleging serious personal injuries, including cancer, and punitive damages. I understand, but I understand your position to be that the 70, is it not, maybe I'm misunderstanding your position. I thought your position is that the $75,000 point does not relate to the hundred people or the $5 million. We don't have to look at that in order to decide if there's a hundred people or $5 million. Is that not your position? That is correct. We do not have to look at the $75,000 amount in controversy that each individual plaintiff might be seeking as, as a threshold matter, as an initial matter. We look at, are there a hundred and is there, are there a hundred plaintiffs? So what if I file this case? That's why I'm asking you, let's look at it. You're, you're supposing there's something special about the fact that this case was removed. Are you supposing that? Or are you saying the same thing would be the case if it were filed originally in federal court? I am supposing that there is something different about this case being removed. And it's the most obvious, the most obvious thing of all, Your Honor, the plaintiffs know how much they are claiming. There's no way for the defendant, the removing party to know from their pleading, particularly in a state like California, where you're forbidden to state the amount you were seeking or without discovery. That would be true in any plain old case, right? In other words, if there was one person filing a case in California, you still got the same problem. I'm trying to understand whether your, your legal rule, however you prove it up, that the $75,000 individual one by one thing doesn't matter for, for the hundred people and $5 million, applies both if the case is removed and if it's originally filed in federal court, and if not, why not? I think we look to this, the one circuit court opinion on this sort of, on the amount of controversy that the Seventh Circuit's case in Brill versus Countrywide. What the Seventh Circuit says there, citing kind of the traditional law of federal jurisdiction is once the proponent of federal jurisdiction has asserted the amount, the amount in controversy, then absent a legal impossibility that that amount is not in controversy, not that they're going to recover it, but in controversy, then that amount is, is presumed to be correct. But that's not the Ninth Circuit law in general. I mean, outside of CAFA, that's not the Ninth Circuit law, right? And, and I agree with that, Your Honor, but in this instance, I mean, CAFA is trying to do something different. It is trying to have every decision made in a mass action or class action made in a federal forum. It is not attempting to, to create the scheme that Your Honor suggested a moment ago, where go back to state court and sort some of this out and then come back and see us if you qualify. Well, maybe the real question is what is the basis for federal court jurisdiction? I mean, there's jurisdiction and there's removal, and it's a little murky here. The, my question is whether the way this is worded, it's removable under paragraphs 2 through 10, you know, as a class action. Does that in effect sweep in the original jurisdiction aspects of subsection 2, which in effect says you have original jurisdiction of a mass action, so long as each person, and it's a qualifier. I mean, I'm not being completely clear because of legislationism, but in other words, in a class action, each person doesn't have to have 75. You just need the 5 million and partial diversity. Are they saying here you need 5 million and partial diversity and for original jurisdiction, you need 75 per plaintiff? Indeed, correct. There is a, there is a, or only plaintiffs with 75 survive. The latter, Your Honor. There is a first look at this question. That is the court's subject matter jurisdiction cannot exist without a hundred plaintiffs and 5 million, and then the court goes back to look at the individual plaintiffs to see which ones are and which ones are not. So in other words, if it's not a class action, but it's a mass action, meaning, well, that's, I guess, another question about whether mass actions also are under Rule 23 or not. I guess they wouldn't have to be. I would suggest they are not. Because they don't, otherwise they'd be under number two as a class action. So if you don't have to lay out Rule 23, your mass action is, is tied to the class action jurisdiction as an underlying original jurisdiction under 1332. Is that correct? It is. You, you are not a mass action unless you also need sections 2 through 10 of 1332 D. But in addition to that requirement, those plaintiffs over, in a mass action over whom the court, the district court may maintain subject matter jurisdiction must also be claiming at least $75,000. But it, it always goes back to what was the Congress trying to do? The Congress was trying to get these kinds of cases in federal court. Do you want to say the kind of case? Well, why don't we take Judge Gorsuch's question and then you're out of time. I have one question. All right. I would say, sorry, Your Honor. Let's suppose we went at it your way and then we had, there wasn't a controversy about the $75,000, it was clear on the face. And so, and there were 102 people, 100 people in, in the removed case and 98 of them are under $75,000, which is basically the hypothetical that's in the, the legislative history. So we have now, we now have, so they all get dismissed. And now we have a case that has two people in it. And it is, it's sitting in federal court under the mass action provision. Is that your, your position? That's certainly not our case here. I understand that. But we need to understand the structure of this. I appreciate that, Your Honor. The legislative history to which Your Honor refers is, is, it's got two components. I see my time is up. Please answer. Go ahead and answer the question. It has got two components. It is in one part saying, I think not very well, that those three plaintiffs or those two plaintiffs would remain in federal court. But what it is really giving us an example of is where that $75,000 amount in controversy above or below is being determined. It is, it is very clear that it is the federal district court after removal that makes the determination of which plaintiffs in a mass action are seeking more or less than $75,000. And then we come to Your Honor's question. Okay. We will hear from the other side. May it please the Court, Howard Miller for Respondent Antonio Labrigo et al. I think Judge Verzon asked the exact question that determines this case and that the answer, the first answer given by counsel essentially was a concession in the case. There is no removal jurisdiction other than of cases in which there was an original jurisdiction. There is no separate ground. Removal jurisdiction is narrower under 1441B. If you are an in-state defendant, you can't remove. But there is no case in which removal jurisdiction is broader. So the only way to interpret 1332D11B is that it is a grant of original jurisdiction to which 1453, the removal statute, then applies. And the question Judge Verzon asked is the exact question which determines removal jurisdiction. If a case was brought by a plaintiff, and there actually are times where plaintiffs prefer to be in federal court. If a case were brought by a plaintiff which involved two parties that each had $3 million claims, and 99 parties that had $1,000 claims, would that be within the original jurisdiction of the United States District Court? And if it weren't otherwise? I mean, it could be otherwise for other reasons. It could be for other reasons. It could be for other reasons. But would it be for that reason? And I don't think there's any rational reading of this as a grant of original jurisdiction that that is the case. Let me just press that a little. Because I think that if you, you have to try to reconcile why does this sweep in Rule 2 through 10. And in 2, 1332D2, you have original jurisdiction over class actions. What I read this to say, or at least a way, because I can read it about five ways, but a way to read it is to say that under 11, mass action is defined, but it sweeps in 2. And that's where you get your original jurisdiction. Because it has to have the original jurisdiction of the 5,000 or partial diversity. And then it adds the 100 people with common questions. So why doesn't, why isn't that a decision meaning that that is original jurisdiction? It's not original jurisdiction like we've known it up to last year. But it is now original jurisdiction under a reading of the statute. Because when the question was asked of counsel, did the 11, the end, the end of common questions of law and fact, the answer was no. Well, he may or may not be right on that. He may or may not be right. There are some things he's right about. This is one of them. That the phrase continues, except over those plaintiffs that have over $75,000 in claims. That's why counsel's instinct, in answer to Judge Berzon's question, if the case were brought in federal court originally with 150 parties and only 75 of them had damages over $75,000, would there be original jurisdictions? Counsel's first instinct was correct. The answer is no. And that's the answer he gave, the precise answer, no, Your Honor. And so the measure of this is the original jurisdiction question. And the original jurisdiction question involves not only numbers. It also involves the issue of common question of law and fact. You know, there was an amended notice of removal filed in this case, which is very interesting and which frames why defendants, why felons thought they could remove it. Twice in that amended notice, they set out that the reason for removal is because each member of the mass action has damages in excess of $75,000. They thought that it was a requirement at that time. They also set out that there were common questions of law and fact. All right. So let's suppose that is a requirement for now. Okay. Because then we have a whole set of other problems. Okay. Yes. Who proves it? How do they prove it? Was it proven here? And where does it go forward, in federal court or in state court? I mean, what we have is a you filed a complaint alleging terrible things happened to your clients. Do we say, well, these terrible things are so terrible that, you know, at least most of them must be over $75,000 and we don't have to look any further? Or do we say the defendants have to come up with something more? Or do we turn to you now and say, Mr. Miller, are you going to tell me that your clients don't have more than $75,000 and ask for an admission? How do we proceed? I think you proceed. Remember, in these mass actions, you're dealing with individual clients. The mass action is a mass action of 1,160 individual clients. If each of those parties had brought a separate action and had simply stated, as it did in this complaint, within the unlimited jurisdiction, damages above the unlimited jurisdiction of the Los Angeles Superior Court, that individual case would not be removable on this record. It just simply wouldn't be. Is that true? If you had filed a complaint and said Dow Chemical used these pesticides on me, and I'm not sure this complaint says it, but let's assume it did, and as a result I'm sterile now and I have cancer and I'd like some punitive damages and it's more than $25,000. Now, do we need to know more than that to know that it's more than $75,000? Well, first, I'll point out in this case a very important point with regard to the individual plaintiffs. Their case in this case would not have been removable under any situation, regardless of original jurisdiction, because one of the defendants here is an in-state California corporation. Right. So that in this particular case, the way the appellants would have the rules operate is to change the material rights of that individual party. That's one of the reasons we think each party has got to be gauged on its own. But that is precisely, isn't that one of the reasons that this changes the diversity? It changes the diversity. And so many of the cases in the district court that are cited come up in the class action context. This really is the first in terms of the mass action. The Brill case, I just apologize for diverting for a moment, I'm always surprised when appellants cite the Brill case in their brief, they cited the Brill case for the truncated proposition that a dozen district courts have shifted the burden, without mentioning that the Brill case quite decisively said that was an error and that the Seventh Circuit has decisively said, following that reference, that in fact the burden has always been on the parties seeking to establish federal jurisdiction. And there's nothing in the statute that changes it. Okay, let's take a side. Let's say there's complete diversity. And you have two clients who happen to be in one action, husband and wife, and they both have these terrible things that have befallen them. Are you suggesting that in the ordinary course that Dow couldn't remove that and seek to establish that there's perforce damages in excess of $75,000? It certainly could, but the federal court would determine it as it did here. It would determine it on the pleadings and it would look at the pleadings and it would make a determination. And its determination would, as it determined here, would be that there's nothing on the pleadings or the papers in front of the court that indicate damages in excess of $75,000. And it can't be simply the kinds of damages alleged, the punitive damages alleged. That's not enough. If somebody says, you know, I lost my legs and I want some punitive damages too, you can't say that's $75,000. I just know it is? I don't think that's ever been the situation in the normal removal situation. In the normal removal situation, courts have looked at the pleadings and seen what the pleadings said and governed by the pleadings and the papers in front of them. All right. So suppose we send this back now and you have some discovery in State court and presumably you're going to have some damages. They're going to ask you what damages you're asking for. And as I understand it, there's a California. While California does not require you to say in your pleadings, California does permit them to ask you in some binding fashion what you're asking for. All right. If you say, so at some point we're going to know. And at that point, presumably they can remove it again. You're absolutely right in the questioning when you said changing the one-year rule changes the importance of the argument at this point. Because at any time in the future that the appellant believes the standards for removal are met, they can file a removal petition. But in that removal petition, they would not only have to have the $75,000 damages, they would have to establish under the 1332D11B standard that this was a case that was proposed to be tried jointly on the ground of common questions of law and fact. All that happened in this case, and even the removal petition states it, they cite one paragraph of the complaint for the proposition that this meets the fundamental requirement of joint try under common questions of law and fact, paragraph 8 of the complaint. Paragraph 8 of the complaint never uses the phrase common questions of law and fact. It says the same series of transactions that permit joinder or the defendant. There is absolutely nothing in the record of this case of any kind that indicates there is a proposal to try these cases jointly or that there are common questions of law and fact. Right. But I would think over time, however this gets sorted out, that the courts would suggest that clever pleading wouldn't be able to forestall a court from taking a statement like was in the complaint and divining that it falls within here for purposes of removal. It's more than a question of federal pleading, of clever pleading, Your Honor. Every time plaintiffs in personal injury cases like this, and I had the unfortunate experience of arguing this to appellate courts, every time a class is sought to be a case, the defendants always argue and prevail that there are no common questions of law and fact because you've got 1,160 different people. They all have different injuries. You need to know their medical background. Some of the issues here involve signed releases. Every time plaintiffs have asserted common questions of law and fact. We'd be delighted to accept the consent. And they don't always win, though, on those kinds of cases. They win a lot. At least they win in cases that I've argued. But in this personal injury area, in other areas they don't win a lot. But in the personal injury area where there are different medical. Individual medical. Individual. There's extensive discovery on everyone's medical history. And the constant argument is always different. This case also involves several hundred people who signed releases. And the releases are at issue. And each one of those are separate. So the fundamental point to federal jurisdiction, which is, is there any proposal to try jointly your common questions of law and fact, simply nothing here about that. But the important thing is, in terms of the 75,000 and that, that at any time in this process, if the plaintiffs propose a joint trial and claim common questions of law and fact, if the evidence shows that damage is consistent with that, in effect removing the one-year rule was a savings clause for having to make a decision at this point. This is not like the ordinary diversity case where it's now or never. And the way these cases are handled, that will not occur. It has never occurred previously because these things are handled individually as mass tort. So what if it goes back to California State Court and then they send you in an inauguratory or an admission that basically has something along the lines of, you know, admit that at least 100 of the individuals named in the complaint have damages of in excess of $75,000, admit or deny that, or list the names of each of the ones who have such and such. And you have to, and the judge decides you're not going to bifurcate liability and damages. And you have to answer that. Would they then be able to remove, aside from the little common question question? If the answer were, and I'm not trial counsel here, and I'm not trying to avoid the question. So that's why you get to be relieved of having to do this. If the answer were that there were more than 100 people that had in excess of $75,000, then they would have satisfied that last clause of 1332D11B. I think that's true. They would still have to meet the common question of law or fact standard in order to remove. But simply in terms of the damages, if that question were asked and the interrogatories identified damages for each party and over 100 came back, then that particular leg of the statute would have been met. Well, what does, so that's one solution. I mean, if you want to figure out what the amount is. But if you were trying to give meaning to these words, well, what does it mean then to say that it's removable? I simply think it means that it's within, I mean, 1332, it contains that reference to 1453. But it says for the purposes of this subsection and 1453. And I read for the purposes of this subsection as meaning the original jurisdiction because 1332 is an original jurisdiction section. The removal section is 1453 and the other sections that follow, 1441. And there's nothing in this statute, there's nothing in the legislative history, there's nothing in any language that indicates that Congress intended or did create a removal jurisdiction in excess of original jurisdiction. So I think it really gets back to the fact, and I think it was the key question, if it was brought originally, under what circumstances is the original jurisdiction? Then what we do have, though, is all this legislative history, which is very specific and which appears specifically to contemplate these non-mass, mass actions, in which people are, there are going to be a couple of stranded plaintiffs, and that seemed to be okay, at least with the Senators that wrote the report. And it wasn't just one. I mean, it was in the report that was issued after the passage of the Act, but it was also in some earlier colloquies. I will not take the opportunity to answer Judge King's question about who really wrote this legislation in the committee report, but I think the Brill case comments, and appropriately in other cases, that where there's no ambiguity in the statute, I mean, this rule, and the only thing the legislative committee report is cited for, and the briefs, by the way, by the 13 out of 18 Senators, is for the burden on the $5 million number. And it can be extrapolated, gee, if they were shifting the burden on that, maybe the comment went to the whole burden. But this is not an ambiguous statute. There is no issue about the general rule in federal court and what it has always been for the 200 years of history, which is the person asserting jurisdiction has the burden of showing that jurisdiction. No ambiguity in the statute. Congress knew that one thing the legislative committee report demonstrates above all else is that Congress intimately knew the history of class actions, every bit of law involving class actions. I mean, they go over endless numbers of cases in a long committee report. And with that knowledge, the statute was not changed. And so we start with the two basic rules, which is Congress is presumed to know the law as it is, which puts the burden on it. That's fine with regard to the burden question, because they didn't enact anything about the burden question. But they did enact this. And they did say something very specific about it, although odd. And the question is, what do we just say? We're just not listening. Roberts. Beside the burden question, I need some clarification. Kagan. I need action. The fact that if you had that first you decide whether or not there was 100 people and $5 million, and then you send some people back, but that doesn't derogate from the 5, even if you go under the 5 million and the 100, which they said very specifically. It just, it's in the committee report. I don't think it's ambiguous in the statute. I don't think it makes sense. I think the only way to clearly, as I wrestled with this, and I never was able to fully diagram it despite many attempts. It's not easy. I hope that that becomes a published diagram to help everyone. But the only way I could analyze this was by way of what was original jurisdiction. I think there was confusion in the committee report when it talked about that in the removal context. And the only way you can finally make what is, you know, what is a statute in which Congress lived up to its normal standards of clarity, the only way you can deal with this is by approaching it as what would be original jurisdiction. And when you approach it as what would be original jurisdiction, I get back to the key question being if there were 150 with only 75 over 75,000, and the answer being, no, Your Honor, in that case, there would be no original jurisdiction. And you're not, I mean, if we asked you whether you were, in fact, had more than 100 people over $75,000, I gather, and more than $5 million, you would choose not to answer us right now. I would choose not to answer. And you think that that's how we proceed? I think that's the way courts have always proceeded in these decisions on remand. I think that's the way district courts, and appellate courts reviewing de novo always have proceeded. If, I mean, I guess one of the difficulties is I don't know why we're having such trouble diagramming it and saying what it means if it's so clear. Well, no, the diagram, here's what I think happened with the mass action. They wanted, Congress clearly wanted to reform class actions. Right. And then someone said, oh, these clever plaintiff's lawyers, what they're going to do is instead of filing under Rule 23, they're just going to get the names of 10,000 people and they're going to file this thing. So we've got to put in something to prevent these clever plaintiff's lawyers from getting around this control over class actions. And that was the intent of the mass action provision. And that's why the common question of law or fact is so critical. And that alone, I think, decides this at this point. But if that were the point, then having the – that hasn't explained why there is a special rule with regard to mass actions and not class actions about individual plaintiffs having to have more than $75,000. Because in class actions, the aggregate alone, I mean, it followed the battle over does every member of the class have to have the jurisdictional It was the circuit split over many years. It was the circuit split and they had to deal with, you know, the issue of the class rep and getting around it. And that's the reason that this – But if you were going to make it mirror the class actions, you wouldn't have the $75,000 provision in there. If you were going to make an absolute mirror no, you would say the – but they put in the – because they realized there's a problem in mass actions, which is they're called mass actions. There are a lot of plaintiffs. But each of these plaintiffs has an individual case. And each of these plaintiffs is entitled to have that case treated as an individual case. So they had – they recognized the problem. So they were essentially saying we don't really want all these people with teeny little claims individually pursuing their claims. I think that's right. And I think that's why in the end they put in – In my mind, the only way to look at it was by original jurisdiction and that the statute makes sense if you say if a mass action, more than 100 people is filed in federal court and over – those 100 people all have the $75,000, all meet the jurisdictional limit, then the federal court has original jurisdiction. Otherwise, as I said, talking about plaintiff's lawyers gaming the system, it would not be difficult if you had two plaintiffs to find 99 others, plead under the California rules, go into federal court. And suddenly that's great. I want to be in federal court with my two cases. And now I am because I got there by this, you know, bootstrap on a bootstrap that simply by alleging I'm in. And now I've got my two cases in there. I got around the diversity limitations because I used these broader diversity limitations. And it's too easy to game on the other side if it's read the way the appellants are reading it. Thank you. Thank you very much. You can have one minute of rebuttal since we've gone over time. What we just heard from Mr. Miller is that there is simply no mass action that can ever be removed to this court or to the district courts under the existing rules. We have 1,160 plaintiffs. If this isn't, these 1,160 plaintiffs. Well, he says just wait a little while until you find out the amount. And I understand that. And that's the discussion I had with Judge Burzon. Congress didn't create a scheme to fool around for a while in pretrial in state court and then remove these cases. Right. So which of the – I understand your supervening point, but we kind of have two problems here. One is a basic statutory interpretation issue about how the 100-person, $5 million interacts with the $75,000 jurisdiction. And the other is a proof problem. I mean, how do we know whether you've met whatever the requirement is? And in this instance, the same problem exists whether we're talking about 100 people or one person in terms of how we know if even one person has over $75,000. So the proof problem exists no matter how we interpret the statute. Right? So you're concerned about the proof problem, but you haven't really answered the basic statutory interpretation problem. I think those are hand-in-hand, Your Honor. I'm sorry. I see my light is – Please, please, just answer the question. That's fine. Legislative history tells us how the drafters intended for that proof problem to be solved. That is, the statute says except that the subject matter jurisdiction will only extend to those members of a class action seeking at least $75,000. Okay. Suppose we don't know if there are any of them. There has to be at least one of them, or else the whole case – I mean, are you suggesting that we have a case with no plaintiff? No. It has to have at least 100 to qualify as a plaintiff. So whether we have to know whether it's 1,000 or 100 or 1, we have to have a method of proof, but we also have to know what the statute means. And I believe the statute means – what it says is that as an initial matter, you have a threshold of $5 million amount in controversy and 100 plaintiffs. And at that juncture, as the legislative history says, it is the federal district judge's responsibility to examine them closely to see which are and which are not seeking at least $75,000. Thank you. We have your points in mind. I thank both counsel for your arguments, and the case is submitted. We will adjourn for the morning.
judges: Berzon, McKeown, King